## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTEN SARNOSKI** | : | **CIVIL NO. 3:CV-12-0499** |
| **Plaintiff** | : | |
| | : | **(Judge Mariani)** |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY** | : | |
| **PRISON, et al.** | : | |
| **Defendants** | : | |

### MEMORANDUM

Plaintiff Kristen Sarnoski ("Plaintiff" or "Sarnoski"), an inmate presently confined at the State Correctional Institution Muncy ("SCI Muncy") in Muncy, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) Sarnoski has filed a Motion for leave to proceed in forma pauperis in this case (Doc. 2), and therefore, the Complaint presently is before the Court for screening under the provisions of 28 U.S.C. § 1915.

For the reasons set forth below, Sarnoski's Complaint fails to state a claim upon which relief may be granted and therefore will be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). However, because it is possible that the deficiencies in her Complaint may be remedied by amendment, Sarnoski will be granted in forma pauperis status and will be given the opportunity to file an amended pleading in this action within twenty-one (21) days.

## I.   Allegations of the Complaint

In her Complaint, filed on March 20, 2012, Sarnoski names as Defendants the Lackawanna County Prison; Mr. Maloney, who is identified as an Internal Affairs Officer at the Lackawanna County Prison; and Karen Gilman.  (Doc. 1 at 1; at 2 § III.)

Sarnoski alleges generally that Defendants "refused to provide [her] 'equal protection' under the 14[th] Amendment when [she] could not file a complaint for a PFA violation on 7-13-10."  (Id. at 2 § IV. ¶ 1.)  She also alleges that she was denied the opportunity to file "theft charges" for a letter that was stolen by Defendant Gilman "that subsequently ended up in [Sarnoski's] discovery."  (Id.)  Sarnoski further alleges that Defendants lost two letters that her victim sent to her that were supposed to be submitted as evidence.  (Id. at 3.)  Sarnoski specifically implicates Defendant Maloney in alleging that he refused her right to file complaints for theft and for a PFA violation and that he was the one to lose the two letters that were to be used as evidence in her criminal case.  (Id. ¶ 2.)  Finally, Sarnoski alleges that Defendant Gilman stole and falsified evidence in her criminal case.  (Id. ¶ 3.)  Sarnoski includes three separate requests for compensatory damages in the amounts of five million dollars, one point five million dollars, and one point five million dollars.  (Id. § V.)

## II.   Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted."  In reviewing the legal sufficiency of a complaint, the Court must accept

the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, - - -, 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## III. Analysis

### A. Sarnoski's Amended Complaint Shall Name Proper Defendants

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct

complained of was committed by a person acting under color of state law; and (2) the conduct

deprived Plaintiff of a right, privilege or immunity secured by the Constitution or laws of the

United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

At the outset, we observe that a prison is not a "person" within the meaning of § 1983.

Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70 (1989); Phippen v. Nish, 223 Fed.

Appx. 191, 192 (3d Cir. 2007) (citing Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)).

Accordingly, the Lackawanna County Prison is not a proper Defendant in this action and

Sarnoski's claims against this Defendant will be dismissed with prejudice. In addition, Sarnoski

provides no identifying information for Defendant Gilman other than her name, and thus, it is

unclear whether Gilman is a person acting under color of state law who may be sued in a civil

rights action. Sarnoski is directed to provide further identifying information for Gilman in any

amended complaint she chooses to file, including, but not limited to, Gilman's employment

information as of the time of the events that form the basis for Sarnoski's claims.

### B. Sarnoski will be Granted Leave to Amend her Equal Protection Claim

Sarnoski's first allegation is that her right to Equal Protection under the 14th Amendment

has been violated by Defendants' alleged refusal to allow her to file complaints for the violation

of a PFA and for an alleged theft. "The Equal Protection Clause commands that no State shall

'deny to any person within its jurisdiction the equal protection of the laws.'" Vacco v. Quill, 521 U.S. 793, 799 (1997); U.S. Const. amend. XIV, § 1. This is not a command that all persons be treated alike, but, rather, a direction that all persons similarly situated be treated alike. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race," Whren v. United States, 517 U.S. 806, 813 (1996), or any other suspect classification. See Regents of the Univ. of California v. Bakke, 438 U.S. 265, 291 (1978) ("the guarantee of equal protection cannot mean one thing when applied to one individual and something else when applied to a person of another color" and "racial and ethnic distinctions of any sort are inherently suspect and thus call for the most exacting judicial examination").

To succeed on an equal protection claim, Sarnoski must show an intentional or purposeful discrimination by Defendants. Wilson v. Schillinger, 761 F.2d 821, 929 (3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986). This "state of mind" requirement applies equally to claims involving (1) discrimination on the basis of race, religion, gender, alienage or national original (2) the violation of fundamental rights and (3) classifications based on social or economic factors. See, e.g., Britton v. City of Erie, 933 F. Supp. 1261, 1266 (W.D. Pa. 1995), aff'd 100 F.3d 946 (3d Cir. 1996); Adams v. McAllister, 798 F. Supp. 242, 245 (M.D. Pa. 1992), aff'd, 972 F.2d 1330 (3d Cir. 1992). In addition, Sarnoski must show that she was similarly situated to, and treated differently than, other inmates at Lackawanna County Prison with

5

regard to the ability to file a complaints for a violation of a PFA and for the alleged theft of

evidence. Sarnoski's Complaint lacks any factual allegations suggesting that the denial of her

requests to file complaints regarding a PFA violation and the theft of evidence was motivated

by intentional discrimination. Moreover, Sarnoski does not allege that she was similarly

situated to, and treated differently than, other inmates at Lackawanna County Prison with

regard to the ability to file complaints. Consequently, she fails to state an equal protection

claim. However, Sarnoski will be given the opportunity to attempt to state an equal protection

claim in an amended complaint.

## C.    Sarnoski will be Granted Leave to Amend her Due Process Claim

It also appears that Sarnoski seeks to pursue claims against Defendants Maloney and

Gilman for the theft and/or loss of letters that she sought to introduce in her criminal

proceedings and for Maloney's alleged refusal to allow her to file complaints for the loss. (See

Doc. 2 at 3 § IV.) We would construe these claims as asserting a violation of Sarnoski's right to

due process. "'[A]n unauthorized intentional deprivation of property by prison officials does not

violate the Due Process Clause 'if a meaningful postdeprivation remedy for the loss is

available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (citing Parratt v. Taylor, 451 U.S. 527

(1981)). Pre-deprivation notice is not required. See id. Although Sarnoski alleges that she

spoke to Defendant Maloney about filing a complaint regarding the theft of her property and he

laughed at her, she also alleges that she succeeded in filing complaints and grievances against

Defendant Gilman. (See Doc. 1 at 2 § II. C. 1.) She also states that she has fully exhausted

6

the available administrative remedies as to her claims.  (See id. § II. B)  Sarnoski does not

provide any allegations regarding the outcome of those administrative remedies, and thus it is

unclear whether she received a meaningful postdeprivation remedy for the alleged loss of her

property.  Sarnoski should include factual allegations as to the outcome of the grievances and

complaints she filed in any amended complaint she chooses to file.

　　　　Based on the foregoing, Sarnoski's claims against Defendants will be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Nevertheless, as set forth

above, it is possible that the deficiencies in the Complaint may be remedied through

amendment, and therefore, Sarnoski will be granted twenty-one (21) days to file an amended

complaint consistent with this Memorandum.

　　　　If Sarnoski decides to file an amended complaint, she is advised that any amended

complaint she files should contain the same docket number as the instant action and should be

labeled "Amended Complaint."

　　　　In addition, the "amended complaint must be complete in all respects.  It must be a new

pleading which stands by itself as an adequate complaint without reference to the complaint

already filed."  Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  In particular,

Sarnoski is advised that any amended complaint she may file supercedes the original complaint

and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D.

Pa. Local Rule 15.1.  As a result, all causes of action alleged in an original complaint which are

not alleged in an amended complaint are waived.

7

Finally, Sarnoski is directed to provide factual allegations in support of her claims in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and Sarnoski should specify what each individual Defendant did that led to a deprivation of her constitutional or other federal rights. Iqbal, supra, 129 S. Ct. at 1948-49. She also shall specify the relief she seeks with regard to each claim. Sarnoski's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.

## IV. Conclusion

Based upon the foregoing, Sarnoski's claims against the Lackawanna County Prison will be dismissed with prejudice, her remaining claims will be dismissed without prejudice, and she will be granted leave to file an amended complaint within twenty-one (21) days. An appropriate Order follows.

<div style="margin-left:40%">

_____

Robert D. Mariani
United States District Judge

</div>

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KRISTEN SARNOSKI,       :     CIVIL NO. 3:CV-12-0499
         Plaintiff,   :
                  :     (Judge Mariani)
      v.             :
                  :
LACKAWANNA COUNTY    :
PRISON, , et al.,        :
        Defendants  :

## ORDER

**AND NOW, to wit, this 2nd day of APRIL 2012,** in accordance with the foregoing Memorandum, it is hereby **ORDERED** as follows:

1.   Plaintiff's Motion for leave to proceed in forma pauperis (Doc. 2) is construed as a request to proceed without full prepayment of fees and costs and is **GRANTED.**[1]

2.   Plaintiff's claims against the Lackawanna County Prison are **DISMISSED WITH PREJUDICE** and the Clerk of Court shall terminate this Defendant from this action.

3.   Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be

---

[1] In addition to her Motion requesting in forma pauperis status (Doc. 2), Plaintiff has submitted an Authorization (Doc. 5) to have funds deducted from her prison account. The Court then issued an Administrative Order (Doc. 6) directing the Warden at her present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

granted.

4.    Within **twenty-one (21) days** from the date of this Order, Plaintiff may file an

amended complaint in accordance with the foregoing Memorandum.  Plaintiff is

free to include any party appropriate to any cause of action over which the Court

has jurisdiction pursuant to 42 U.S.C. § 1983.

5.    The Clerk of Court shall mail to Plaintiff two (2) copies of this Court's civil rights

complaint form which she shall use in preparing any amended complaint she may

file.

6.    Failure to file an amended complaint as directed within the required time will

result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Robert D. Mariani
United States District Judge