**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRISTEN SARNOSKI, | : | CIVIL NO. 3:CV-12-0499 |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| LACKAWANNA COUNTY | : | |
| PRISON, et al., | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

Plaintiff Kristen Sarnoski ("Plaintiff" or "Sarnoski"), an inmate presently confined at the State Correctional Institution Muncy ("SCI Muncy") in Muncy, Pennsylvania, initiated the above action pro se by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.) After screening the Complaint under the provisions of 28 U.S.C. § 1915, by Memorandum and Order dated April 2, 2012, we dismissed the Complaint for failure to state a claim upon which relief may be granted under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 7.) However, based on our determination that it was possible that the deficiencies in the Complaint could be remedied by amendment, we granted Sarnoski leave to file an amended pleading within twenty-one (21) days. (Id.)

Presently before the Court for screening is Sarnoski's Amended Complaint (Doc. 9), which was filed on April 13, 2012. For the reasons set forth below, the Amended Complaint will be dismissed without prejudice to Sarnoski's opportunity to file a second amended complaint.

## I.     Allegations of the Amended Complaint

Named as Defendants in Sarnoski's Amended Complaint are the Lackawanna County

Prison; Mr. Maloney; and Ms. Neveroski.  (Doc. 9 at 1, 2; Doc. 8.)  Sarnoski states the same

allegation three times in three separate paragraphs.  Although the wording differs slightly in

each statement, Sarnoski's allegation, as stated the first time, is as follows:

> On 7-13-10 the Defendant denied the plaintiff to her right of 'equal protection'
> under the 14th Amendment of the U.S. Constitution by not allowing her to file
> charges related to a PFA violation and violated her due process rights in court by
> loosing [sic] two letters her alleged victim ["N.M."][1] sent, therefore violating her
> fundamental rights.  The defendants were also discriminating against her by not
> filing an incident report the date of the incident, but waited over 8 months post
> incident and post her sentencing date so the report could not be filed in her
> discovery.  All other inmates & C.O.'s receive an incident report the day of, but by
> waiting 8 months the Defendant showed extreme prejudice against the plaintiff.

(Doc. 9 § IV ¶ 1.)  Sarnoski makes three separate requests for compensatory damages in the

amounts of five million dollars, one point five million dollars, and one point five million dollars.

(Id. § V.)

Attached to Sarnoski's Amended Complaint is a copy of a computer printout containing

an alert relating to Inmate Sarnoski stating that as of July 13, 2010, visits with N.M were to be

suspended.  (Id. at 5.)  The suspension reason is listed as "PFA."  (Id.)  Also attached to the

Amended Complaint is a copy of an Incident Report dated March 21, 2011 stating as follows:

On July 2010 [sic] IM Kristen Sarnoski received two letters.  I gave the letters to

---

[1]Where Plaintiff alleges that this individual was the victim of a crime, the Court uses the
individual's initials.

2

IM Sarnoski. She refused to take the letters saying they were from him. On the same day, she had a visit from this male. She refused her visit.

(Id. at 6.)

## II.    Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, - - -, 129 S.Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520

3

(1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## III.   Analysis

The Amended Complaint, like the original Complaint, names the Lackawanna County Prison as a Defendant. The Court's April 2, 2012 Memorandum explained that the Lackawanna County Prison is not a proper Defendant in a § 1983 civil rights action, and our April 2 Order therefore dismissed the claims against that Defendant with prejudice. (See Doc. 7 at 4, 9 ¶ 2.) Accordingly, the claims against the Lackawanna County Prison asserted in the Amended Complaint will be dismissed with prejudice for the same reasons set forth in our April 2 Memorandum.

Sarnoski's original complaint named "Karen Gilman" as a Defendant. (See Doc. 1 at 1, at 2 § III.) Because no identifying information other than Gilman's name was provided in the Complaint, we directed Sarnoski to provide further identifying information for Gilman in any amended complaint she chose to file. (See Doc. 7 at 4.) However, in the Amended Complaint, Sarnoski no longer names Gilman as a Defendant. Instead, she names "Ms. Neveroski" as a Defendant, and does not provide any additional identifying information for Neveroski in the

Amended Complaint. (See Doc. 9 at 1, at 2 § III.) In a letter filed on April 12, 2012, Sarnoski

explains that she forgot to include identifying information for Defendants Maloney and

Neveroski in her Amended Complaint, and identifies them as an Internal Affairs Officer and

Corrections Officer, respectively. (See Doc. 8.) Our April 2 Memorandum stated that the

"amended complaint must be complete in all respects. It must be a new pleading which stands

by itself as an adequate complaint without reference to the complaint already filed." (See Doc. 7

at 7 (citing Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).) Thus, a Defendant

must be fully identified in the Amended Complaint; providing the relevant information in a

supplementary letter is not sufficient. Therefore, we shall direct Sarnoski to fully identify the

Defendants to this action in her second amended complaint.

　　In our April 2 Memorandum, we directed Sarnoski in stating her factual allegations to

specify what each individual Defendant did that led to a deprivation of her constitutional or other

federal rights. (See Doc. 7 at 8 (citing Ashcroft v. Iqbal, 556 U.S. 662, - - -, 129 S.Ct. 1937,

1948-49 (2009).) This direction was based upon the principle that, to establish liability for the

deprivation of a constitutional right, a plaintiff must demonstrate personal involvement by a

defendant. Rode v. Delarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Such involvement may

be established through: 1) personal direction or actual participation by the defendant in the

misconduct; or 2) knowledge of and acquiescence in the misconduct. Id. The Amended

Complaint does not contain allegations specific to each Defendant. Rather, in stating her

allegations, Sarnoski refers either to "the Defendant" or "Defendants." As a result, it is not

5

possible to determine whether Sarnoski states either a plausible equal protection or due

process claim against any of the Defendants.  However, because it is possible that allowing

Sarnoski one final opportunity to amend her pleading may allow her to state a claim upon which

relief may be granted, we shall dismiss the Amended Complaint without prejudice to her ability

to file a second amended complaint within twenty-one (21) days from the date of the attached

Order.

As we did in directing Sarnoski to file an amended complaint, we again advise her that

any amended complaint she files should contain the same docket number as the instant action

and should be labeled "Second Amended Complaint."

In addition, the "amended complaint must be complete in all respects.  It must be a new

pleading which stands by itself as an adequate complaint without reference to the complaint

already filed."  Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  In particular,

Sarnoski is advised that any amended complaint she may file supercedes the original complaint

and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D.

Pa. Local Rule 15.1.  As a result, all causes of action alleged in an original complaint which are

not alleged in an amended complaint are waived.

Finally, Sarnoski is directed to provide factual allegations in support of her claims in

short, concise, and plain statements, and in numbered paragraphs.  These allegations should

be specific as to time and place, and Sarnoski should specify what each individual Defendant

did that led to a deprivation of her constitutional or other federal rights.  Iqbal, supra, 129 S. Ct.

at 1948-49. She also shall specify the relief she seeks with regard to each claim. Sarnoski's failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.

**AND NOW, to wit this** /5*th* **day of MAY 2012**, it is hereby **ORDERED** as follows:

1.      Plaintiff's claims against the Lackawanna County Prison in her Amended Complaint (Doc. 9) are **DISMISSED WITH PREJUDICE**.

2.      Plaintiff's remaining claims in her Amended Complaint (Doc. 9) are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3.      Within **twenty-one (21) days** from the date of this Order, Plaintiff may file a second amended complaint in accordance with the foregoing Memorandum.

4.      The Clerk of Court shall mail to Plaintiff two (2) copies of this Court's civil rights complaint form which she shall use in preparing any amended complaint she may file.

5.      Failure to file an amended complaint as directed within the required time will result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Robert D. Mariani
United States District Judge

7